Case number 22-3062, United States of America v. Thomas Robertson at balance. Mr. Cohn for the at balance, Mr. Pierce for the appellate. Mr. Cohn, good morning. The 1st issue I will focus on is the sentencing issue. And to step back for a second and to look at how the guidelines address obstruction of justice. If one, if a person is under indictment and obstructs that proceeding, the guidelines provide in 3C1.2, a two-level enhancement. My research suggests the most common way of getting that enhancement in this district is by lying under oath during one's own impeachment. Then the guidelines step back and look more broadly at persons who have managed to get themselves prosecuted and convicted for obstruction of justice. And there, as the government points out at page 43 of 3, there are a number of ways that one's obstruction can wind up being prosecuted, obstructing falsifying papers relating to imported merchandise, obstructing an investigation under the Workforce Innovation and Opportunity Act, obstruction under 1505 of proceedings before departments and agencies. The government, perhaps tellingly, does not include in its list 18 U.S.C. 1503, which is the classic obstruction of the administration of justice statute. Within the way the guidelines work is within all those offenses, if one is convicted of obstructing the administration of justice, then there are two enhancements that apply. One, and by the way, all of this I think is pretty straightforward. One is for causing physical injury or threatening to cause physical injury to a person in order to obstruct the administration of justice or causing property damage. And for that, the guidelines provide a severe eight-level enhancement. The guidelines also provide that if the offense was a three-level enhancement, if the offense resulted in substantial interference with the administration of justice. So we have a subset within a subset of persons. And Mr. Robinson does not fall within the first subset. He was convicted of things like bringing a dangerous weapon to Capitol Hill, obstructing Congress under Section 15C2, which in the balance of my time, I'd like to get to that validity of that. But even assuming that's a valid conviction, there is no obstructing the administration of justice. And Judge McFadden put a very good opinion on that. And that's why we quoted it at length in our initial brief. Did you make this argument in the court below where we is it forfeited and do we have to look at this? Yes, Your Honor. Yes, Your Honor. The argument was made for sentencing. First, it was clearly an objection to the eight-level and three-level. But not on this basis. Well, the basis, let the court be the judge. I mean, the transcript is right here. It's pages 16 through 20 of the sentencing hearing. The most telling words in a way, well, first of all, you have the defense counsel echoing in advance Judge McFadden saying, Judge, we don't have an investigation here. We don't have our client interfering with an investigation. If we start with McFadden's opinion, he rejects the cases that my colleague cited. Can you tell us which of the appendices you're in when you're citing 16 to 20 of the sentencing transcript? Is that that's probably Robertson's? Yes. I'm sorry. At a 68 to 72. Yes, exactly. Right. Thank you. Thank you. I'm more accustomed, I'll admit, to citing directly to the record. But yes, you're exactly right, Judge. Page 68 and 69, all the way through. And the so echoing Judge McFadden, the defense counsel says, there is no investigation here. And that's what this enhancement is for. It's for interfering with an investigation. So you have the objection. Then the prosecutor says the defendant here is missing the mark. He was convicted of obstructing the election certification. And, you know, summarize, that's what makes him subject to this. And so that's the erroneous argument in our view. And Judge Cooper adopts the erroneous view. He says. The court finds that the answer implies the offense did result in a substantial interference, given both the delay that the riot caused in the certification proceeding, which is a proceeding at issue, and the expenditure of substantial resources that was necessary to fix the damage that was made, that was done to the Capitol. That's what Judge Cooper said. And honestly, a tremendous respect for Judge Cooper. But here he's completely wrong. It's not the guidelines and not looking at the repair costs to the Capitol. But guidelines are looking, as defense counsel rightly pointed to, when a defendant or a person lies and causes the government to expend additional resources in order to uncover the truth and to pursue its investigation. That's what this guideline is directed at. Could you move on to the other issue, please? Yes, John. On this one, on the correctly. Issue. I begin with unusual humility, which is that. As as it's repeating the north, the Aldrin West case for this case for preparing and preparing for this, then, of course, the Fisher decision, a lot has been written by eminent jurists about the meaning of the word. I've done my very best in my briefs. Give my honest view of what this term means. Do you think that correctly can be proved by the use of unlawful means or only purpose? It's the word unlawful that I saw that the. But you agree that it can be proved by means as well as purpose. By means. Yes, but I don't think it's the unlawfulness of the means that is the that should be in the law. But if you agree that it can be proved by unlawful means, then the additional element that you're proposing isn't necessary in every case. Well, I'm not sure what additional element I'm proposing. I bet there has to be a benefit. Right. Well, it's all for another. No, no. I see. You can prove it with means. I don't think means alone. What does it? I actually think just now that I'm clear about the direction you're taking, benefit plays a crucial role. Well, let me ask you, though, in the court below that your instruction, your client requested said to act corruptly. The defendant must use unlawful means or have a wrongful or unlawful purpose or both. And if means is one way of getting at this, then the element that you propose to add is not necessary. Yes, judge, but I am focused on what statute requires and the defendant to his credit in his post-trial motion for a new trial focused on the absence of any evidence, unlawful advantage of an additional, not unlawful, of an advantage that he has got. And I read the word advantage in his motion to be the equivalent of benefit. I understand that. But I think what I'm just trying to get at is that you took a position in the district court. And I'm asking you now about whether corrupt means is a way of proving corruptly or does it or can it only be proved with corrupt purpose? And it seems to me that you made a concession that means is one way of getting at this. And the case law seems to indicate that means is a way of getting at this. And if means is a method of proving it, then the additional element you're proposing, which goes to benefit to another, that only goes to purpose. And so, therefore, if means is a way of getting at this, what you're proposing is not necessary to prove corruptly in every case. Let me let me answer your question. I hope I'm answering it correctly. And I'm going to start with the observations that both the majority in North and the dissent made. And they recognize the example of someone who calls a member of a congressional committee and says, listen, this is an improper investigation. You need to cut this out. OK. The means there is not in and of itself going to tell us whether or not the the corruptly pronged of the mens rea satisfy. That's true. And what Judge Silverman said in North was that if you have an unlawful means, that should be sufficient. But where the independent means are not criminal or unlawful, then you have to go to purpose. He does say that, but he said it in dissent. And correct. Right. And so I guess what we're trying to get at is whether means is a way of proving this as well as purpose. And it seems that there are two alternative ways of proving corruption. Yes, but I, as I said, I just just said I don't think alternative is the right way. And I especially do not agree with Judge Silverman's view that the independently unlawful means a term that found itself in another recent decision of this court is the right approach to addressing what corruptly means. Let me ask you, Mr. Cohn, about the logic of the benefit limitation. Reading again, reading the discussion in North and some of the other cases, the concern, especially when we're talking about obstruction of Congress, is that there's a lot of, you know, sort of hurly burly in the political process where it's completely appropriate to try to influence or slow down or, you know, change the priorities of what Congress is up to, to to meet the needs of one's client, whether one's a lobbyist or, you know, you know, much of that may be protected by the First Amendment, but it all of it meets your ostensibly limiting, you know, benefit for self or others definition. So if if the major conundrum in interpreting corruptly is to make it meaningfully limiting. When obstruction applies to Congress, it seems like your definition completely failed in that regard, because the legitimate lobbying or demonstrating the like. Usually the benefit at the risk of being the self defensive, the word benefit comes from eminent jurists like Justice Scalia. So the end and it's repeated by a colleague of yours in the Fisher opinion. You're talking about Judge Walker's. Correct. Although he would find it met here. He would find it or he he suggests it may well be met here. Didn't have to go that far. But he said, you know, if the if the effort of people like Mr. Robertson is I want my preferred candidate to be in the White House, not the one who they're getting ready, whose election results they're getting ready to serve. Now, I understand, and as I say, I disagree with Judge Walker on that. Unfortunately, in this time, I have not gotten to the word dishonestly, which finds itself in Anderson again and again used. And indeed, in the Arthur Anderson case of the Supreme Court, and not just innocuously, it's the failure of the jury instruction to include the word dishonestly. That was in the Fifth Circuit's pattern jury sections that caused the conviction to be reversed in Anderson. So it's an important word. What does dishonestly mean in this context? What does it add? One thing it adds is to my answer to that pillar, which is that, yes, benefit may not in and of itself in all cases be a sufficient limiting rule. So that is why we need to examine the dishonest, the dishonest purpose. So a person who who to use the example that is, I think, in the North case person tells his client, you don't need to respond to this congressional investigation just as innocuous advice. That's fine. But the person who knows that the congressional investigation, the lawyer, the lawyer who knows that this investigation actually is targeting him and he would would want to avoid that. Now, when he advises the client and fails, say, to disclose that this is the reason why he's giving this advice. But what if he does disclose it? What if he's honest about it? This is don't testify because it'll get me in trouble. You're saying that's not obstruction. It's still obstruction because that's the benefit. But that's honest. I understand. I understand your honor. But realistically, a good point. But it's a very good point. It can't have to be dishonest because if you're honestly corrupt, that's still obstruction. Your Honor, it's telling to me that in the North case, when the majority opinion turned to what is corrupt mean, the first word it used was clandestinely creating a false chronology. That's sufficient, but not necessary. I'm just saying. Dishonesty, it doesn't seem that that is a requirement because you can be honestly corrupt, be completely forthcoming about it, and it's still obstruction. So it can't be that it has to be dishonest in every instance. It would be sufficient if it's dishonest, but it's not necessary. I disagree, Your Honor. I think dishonesty is a very is an essential aspect of distinguishing between people who are honest and forthright and not trying to subvert the truth finding process on the one hand and those who are trying to subvert it. OK, then if you could address the hypothetical then of the attorney that you posited who honestly says to his client, don't testify at the hearing because then I will get in trouble. That's not that, in your view, is not that's not our case. And it's it's a hypothetical that addresses your claim that it has to be dishonest in every instance in order to be corrupt under the statute. Yeah, I mean, just thinking out loud, I'd say he's not obstructing justice. He's told his client. And now the question is motive. And now if the client goes ahead and doesn't testify, is the lawyer is the lawyer obstructing justice? He's told his client right up front. It's because it's me. I'm not sure that amounts to obstruction of justice. That seems untenable to me. Counsel is there. Reading the cases, and I suppose, you know, particularly when the phrase comes up, you know, unlawful means or lawful purpose, it's it. It's a very mercurial concept for roughly and indeed that judges and lawyers have treated it as if it can be met in different ways, depending on the circumstances that that it's not like we're going to see in a court too bad. Give one definition that always applies. Do you agree with that? That that that the minimum may depend a little bit on the nature of the charged option? Judge, the way I try to address that in a supplemental brief is is slightly differently is I note and North is a good example that in most cases, judges don't need to get into the meeting. Roughly, because it's so implicit and inherent in the dishonesty that that the dishonesty is so clear, the corruption is so clear from the core example of writing someone to get a result that it's not so much the mercurial aspect of the word. It's the fact that it's unnecessary to dwell on it, except in the type of hypothetical. Candidly, the judge was asking me, what is that corrupt? Is it not the situation? The unusual situation where a lawyer would say this client? And so isn't the problem there that it's not an honest corruption? It's an open corruption. In other words, he tells his client, I don't want you to show up because it might implicate me. That's not honestly corrupt is openly corrupt. That's right, but it's not, but I have a trouble putting openly and corrupt together to my mind. Corruption is necessarily not open. So to say it's openly corrupt. I think I could name several political figures who have been openly corrupt. I won't, but we'll disagree about that. Maybe I'll just say, I think her question is a helpful one. I mean, that, well, I'm not sure. So someone who is openly corrupt may still be being dishonest. And therefore, the statute still does work in the case of the hypothetical that Judge Pan poses. And therefore, it may be in keeping with the language and purpose of the statute to include the requirement that you're pressing. Yes, it's a turn back to Judge Pan's hypothetical. Perhaps the jury would have to decide what dishonesty meant in that situation. Allow me to add, in the lead opinion in Fisher, one of the, I thought, extremely useful aspects of it was the summary of all the 1512 C2 cases. And if you look at those prosecuted, the appellate cases, if you look at those, one after another involved concealment, clandestine activity, falsifying records, each one of them, the word dishonestly, acting dishonestly. Where are you looking? I cited in the supplemental brief. It's a string site that the lead opinion makes to all cases involving the affirmance of convictions under 18 U.S.C. 1512 C2. I cited in the supplemental brief. But to my mind, that again shows sufficiency, but not necessarily necessity. But I take your position to be that in all cases applying this statute, there has to be a corrupt purpose. And that purpose has to include trying to obtain a benefit for oneself or another. But that's the only way to prove corruptly. That's your position. Correct. I think so. I think the way you put it, but again, no, to the extent that I think the word dishonestly, that kind of is a way that summarizes the cases that are in that long paragraph. That's the motive. That's what's animating these people. And that's what distinguishes them from, say, the hypothetical we were talking about. But there doesn't seem to be a textual basis for what you're asking. You're saying that in all instances under this statute, corruptly has to include trying to obtain a benefit for oneself or another. What's the textual basis for that? I'm not sure what you mean by textual basis. The text just says corruptly. We're trying our best to try to give meaning to that term, a meaning that's often hidden in the opinion because it's so implicit. Yes. And the only precedent that applies this standard is in the tax context. And it seems to me that it makes a lot more sense in that context because in tax law, you can make a mistake. And if you're not trying to benefit yourself, it's just kind of a mistake. It shouldn't be a crime. But if you do your taxes in a way that you benefit, you get more money back, then it makes sense that that crosses the line to make something corrupt. It makes sense in that context. How does it make sense in this context? The tangible benefit, how does the tangible benefit make sense? I think it makes sense in the example that we were talking about earlier that the court talks about in the North case. If a client comes to a lawyer, says, I've been asked to testify before. No, I'm talking about this context, obstruction of an official proceeding. I'm saying it makes sense to import that requirement in the tax context because of the nature of tax law. Tax laws are complicated. So in order for you to be criminally liable for doing your taxes wrong, you had to have been trying to get a benefit for yourself. But why does it make sense in an obstruction of an official proceeding context to require a benefit? Fortunately, Judge Pan, I think on this aspect of the case, we agree. I don't look at tax law as the model here. I look at the North case, which involved interference with a congressional committee under 1505. I look at 1503, the administration of justice statute. It seems to me. But the North case didn't require the benefit. It was the Aguilar case that did. That's right. But an Aguilar was also not a tax. But if you're relying on North, North doesn't say that that's a necessary requirement of growth. No, I understand, Your Honor, where North was struggling with these terms. Fisher struggled with these terms. I'm struggling with these terms. We're all trying to give meaning to a word. Speaking of which, an important point that's just going back to your reliance on North. I mean, this case seems very different from North, where the central issue in North was. The admissibility or not of whether the jury should be instructed that North believed himself to be authorized and whether evidence of authorization, because that would go to his understanding of what he was doing. But there's there's no question here, either as a matter of instruction or as a matter of record, the sufficiency of the evidence that that Mr. Robertson thought that he was doing something that was lawful. I mean, that's not his defense. He was convicted of using violence to overcome police, to storm and vandalize capitals, enter areas on mass during the certification proceeding, you know, acting in a manner that was calculated to intimidate lawmakers to prevent them from fulfilling their duty. And so it just seems like the issue that was that was central in North is not helpful to your client. Your Honor, the North case is cited at length in the Fisher decision cited at length in the government's brief. So it seems like it's a useful poll here to look at the. Allow me to add an important point, please, which is that, as I noted in the brief, 1503, another obstruction statute talks about corruptly or by force or threats of force. To my mind, what's going on there is that those concepts, although of equal moral culpability. Are distinct ways of obstructing and my client, which I think goes in part to your question, just is my client is being held accountable under 15 C2 for basically using force and threatening physical injury. And that's a distinct way of prosecuting someone for obstruction that I don't understand the lead opinion to be necessarily endorsing, or at least endorsing to the point of reckless conduct. But the lead opinion talks about assaultive conduct. But my client was convicted of carrying a stick into the Capitol. And so are we going to stretch assaultive conduct to what I see as a reckless mindset? It's we're already going into the physical force, which is not in the statute. And now we're going into reckless bringing a stick. So, so that the lead opinion talks about independently on law conduct. And that is a concept that is also in the North opinion, also in Aguilar. And in Fisher, the one of the independently unlawful conducts happened to be assaultive conduct. But there are other types of independently unlawful conduct, such as brandishing a stick. Being disorderly, et cetera. And the case law and the lead opinion seems to agree that independently unlawful conduct is a basis for finding corruptly. Right. And as you were disorderly, just picking up on that, the difficulty I have is that are we going to now say someone committed the misdemeanor disorderly conduct. And that resulted in delaying the electoral count. And now they're subject to a 20 year maximum. Well, no, there are other elements of the offense, but it might be sufficient to support corruptly. But you still have to meet other elements of the offense. Well, let's assume the other nexus requirements and all the other things. Yeah, but let's assume the others are met. Let's assume that his actions during the riot did contribute, Robertson's actions, to somehow delaying the electoral count so that under that a jury could conclude that the act element was satisfied. Now, are we going to say, well, and all you have to do is act disorderly in terms of your mental thing, which is because that's independently unlawful. You're now subject to a 20 year maximum sentence because you went and trespassed in Congress and acted in a disorderly manner. It seems to me, as Judge Katsas noted in dissent, this is a troublesome road to go down, that if you acted his words, not mine, in an illegal way, in some small way, his words, then now you're subject to the 20 year maximum of this sentence, of this statute. I'm sorry. So. Well, it's just a go ahead. What about the subset if wrongful means is understood to at least encompass independently criminal means or even knowingly engaging in independently criminal means or even knowingly engaging in independently felonious means? It would seem that any of those definitions would be met by the evidence here would be sufficient to establish that. Unfortunately, yes, that's why I'm urging this court not to go down that road. It's it's and, you know, drafters of criminal law and interpreters avoid saying your conduct was unlawful because it was felonious. That's that's a very and in fact, by the way, that is a holding of the majority in the North case. We don't do that. So we have to find another way and saying your conduct was felonious. Your conduct was unlawful to define a crime. I take your argument to be that because it is broad, we should interpret it to narrow it. The Congress can write a broad statute is is the breadth in itself a reason for us to interpret this a certain way if we're not at the point of, I guess, unconstitutionally broad, which nobody's saying. And in the fact that it's a 20 year maximum, that's just the maximum. Presumably, if this were to actually go to sentencing, a judge would take into account all the different factors. And it's very unlikely that anybody's going to get the maximum or some of the hypotheticals that you're positing. Your Honor, I, the, but that. So let me show you. I understand the question is, is if the question is, will my client, my client get the 20 year maximum? No, no, my, my client, my point is that you're arguing that we shouldn't subject people who they're independently unlawful means is a misdemeanor. For example, they shouldn't be subjected to a 20 year maximum. Number one, I'm I'm wondering, is breath alone a reason to affect the way we interpret this as Congress can write a broad statute? And number two, we're just talking about a maximum sentence. It seems like you're assuming that everybody's getting 20 years for this. But whoever the sentencing judges is going to take into account all the factors under 3553. And presumably, if all they did was act in a disorderly way, they're not getting 20 years. That's just the max. Right. Let me then talk about that and talk about that. OK, I do think that breath is. It's the breath is talked about in Fisher. It's talked about in North. To some extent, candidly, as we say in our supplemental brief, I think those concerns about breath are a bit exaggerated. But the breath is always a concern when one looks at the criminal statute. And as Judge Katz has noted, candidly, it's seems like a really unlikely place for Congress to place a broad statute. Section 15C2 doesn't really seem aimed at catching a lot of wrongdoers. But so I think breath should be a concern of this court as it should be in interpreting all criminal statutes in a way. Now, turning to the max, my point on that, you're quite right. It's a realistic matter. Do criminal defendants get the maximum sentence? No, ordinarily. But the bigger point, though, is as one steps back and looks at the severity of the crime. And it's difficult to measure the severity of the crime other than by looking at the statutory maximum. Then if the statutory maximum is a pretty objective measure of the gravity of the crime. The question then becomes, have you by, as you were saying, gone to Congress and engaged in disorderly conduct? Has the fact that that caused a delay in the electoral college suddenly aggravated the severity of your conduct, the culpability, to the point where you are now subject to a statute with a 20-year maximum? And where, yes, if you misbehave in some ways, you might get that maximum. All right. Any more questions? All right. We'll give you a couple minutes and reply. Mr. Pierce. Thank you. Good morning. I'm a police reporter. James Pierce, United States. A defendant who intentionally obstructs congressional proceeding by using independently unlawful means or animated by a corrupt purpose acts corruptly for purposes Section 1512C2. Defendant Thomas Robertson acted corruptly through the intended and actual use of unlawful violence to obstruct the joint session on January 6. The district court also correctly applied the sentencing enhancements under Section 2J1.2, and this court should affirm. Now, I'd like to start with the corruptly issue. I think it's useful to situate Section 1512C2's mens rea somewhat more broadly. It, in our view, comprises of three components. It's the defendant's intent to obstruct, that the defendant acted corruptly, and then the nexus to a pending or reasonably foreseeable official proceeding. Of course, what is presented here is just the corruptly question. As my introduction made clear, our view is consistent with the case law, with Judge Silverman's separate opinion in North, with what Congress itself did when it defined corruptly for purposes of Section 1505 in Section 1515B, is that a defendant can act corruptly either through the use of independently unlawful means or through corrupt purpose. And it's common ground with my friend on the other side that if we are in a world of corrupt purpose, there are various ways to get there, including using deceit or dishonesty, including seeking an unlawful advantage or benefit. I would actually add a couple of others that I think the case law includes, seeking to violate a legal duty. I think that one, for example, could deal with the hypothetical of the lawyer urging someone else to lie. In fact, I think there are two reasons why that would be corrupt. One is that's an act of corrupt persuasion that is independently criminalized under 1512B, but even if that weren't the case, it would be asking someone else to violate a legal duty. This court's decision in Morrison, I think a 1996 decision, talked about exhorting someone else to violate a legal duty. Actually, closely similar, wasn't a lawyer, but I think a criminal defendant asked someone else to lie. That's obstruction by asking someone else to violate a legal duty. In terms of, you know, where's the line of independently criminal means? I think, Judge Hiller, your question highlights that certainly to resolve this case, all this court needs to say is independently felonious means is sufficient. I mean, here the defendant violated three, committed three felonies, criminal trespass with a dangerous weapon in a restricted area, disorderly and disruptive conduct with a dangerous weapon in a restricted area, and then an act of impeding or obstructing. Let me ask you this. What if we, if you just indulge me a minute, what if we need to find more? What if we need to find what I think is a holding in Fisher? I think I'm minority in that view, but that we need to find a benefit to the defendant or to another. Where is the evidence in this trial of a benefit either to Robertson or to another? And based, I guess, on frackers testimony. We don't think that's necessary, but I realized, but the I think it would be the evidence that the defendants communications leading up to January 6, making clear his use that the election was stolen and was fraudulent rigged. And that he intended to be part of a counter insurgency to try to stop that election result from being certified in some way with the benefit being retaining, retaining an office, his preferred political candidate. I read the concurring opinion in Fisher to suggest that would be the type of benefit that would meet this test. I think, I'm sorry, I realized that I, I, I think judge pillars concern, though, is quite apt here, which is that, frankly, in the context of congressional obstruction, like we have here, and I read this. In part, judge catches his critique in Fisher, it gets somewhat complicated, conceptualize what a benefit might look like. And one could conceivably just describe as a benefit, whatever it is one wants to accomplish. And I think that's one of the real vices in going down that route here again. And I think judge can correctly identify at least what is our position. We don't disagree that that is a sufficient way in certain contexts to establish that someone has acted corruptly. I think the tax law case law is the most clear example of that. But to my knowledge, there is not a single area of law that, whether we're talking about bribery, obstruction, that has used this unlawful benefit outside of the tax law context. I should walk that back. I think there's one Ninth Circuit case in a bribery case that talks about benefit. But by and large, when we're in the judicial context, many cases actually just say the intent to obstruct is enough to get you to corruptly. But Mr. Pierce, just stepping back and thinking in the sort of common sense way, when you hear the term corruptly, how does that really apply here? It does seem like the core of corruptly is some kind of often secrecy, dishonesty, quid pro quo, behind the scenes. There's a sort of distortion, which the law in the sort of archaic terms somewhat unhelpfully refers to as depraved or evil. This open, angry mob attacking the capital corruption is not, if you're just talking to people in ordinary problems, it doesn't really seem to fit. Can you respond sort of at that level of common sense understanding and why using felonious means is a corruption? So I do want to resist one of the sort of asides you had in setting up that question, which is that the law unhelpfully refers to things like debased, evil, perverted. I think the core of what corruptly and corruption is, and it's not so much what I think, I mean, certainly the Supreme Court in Anderson says it, this court said it in Poindexter, is this idea of evil or wrongfulness. And I recognize that as courts have said, and again, as this court certainly said in Poindexter, asking a jury just to say, is this wrongful could conceivably lead to, hey, this is a little bit too open ended. And I think that what is in terms of even when something is open, using independently unlawful means is here an effective proxy for what is wrongful in many respects. Now, there may be. Do you think you can be openly corrupt? Yes, I mean, and I think I heard your honor suggest you were aware of a number of politicians who are openly corrupt. But yes, I think it is possible to be openly corrupt. And I think the defendant was, as were many of the others involved in the violence on January 6. Is it I mean, one of the things I've been wondering about is, is the, you know, a non quid pro quo, non dishonest form of corruption is nonetheless sort of a twisting or a distortion of the way things are supposed to work. And in terms of thinking, again, it's kind of how do ordinary people use the term corrupt? The corruption here could be, you know, trying to to distort, contort the certification process. Like, does that is that captured by your definition? Does that resonate with you? I think that's correct. I believe we said in our brief of Ninth Circuit case from 1949, Katrina, that talks about obstruction as sort of guarding against the criminal law, the imagination of the criminal mind to obstruct in all sorts of different ways. And when Congress enacted 1512 back in 1982, the legislative history as sort of similar language. The idea being, yes, there is a distortion, a contortion of, you know, statutorily, it has to be an official proceeding here. And in our view, certainly that was the January 6 certification proceeding. But I think the point is that what corruptly does, you know, against the backdrop of what I just mentioned, is recognize the many ways in which people can go about doing that. They can go about doing it in the sort of the stealthy or sneaky ways that I think I heard my friend on the other side mentioned. And I think you ascribed to sort of the common idea that this is some sort of backroom, unlawful dealing. But going and barging into Congress, just like somebody came barging in here to stop this proceeding, that contorts or distorts, obstructs, impedes the official proceeding and thus would qualify as corrupt. Can I ask you about, we're here reviewing a denial of a motion for judgment of acquittal. Do you agree that our two alternatives are either to affirm or vacate the conviction? I think there is some potential leeway to send it back to say the government's, the definition that the defendants sought below was so distinct from what they're asking for now that a retrial is potentially available. But generally, I do think the polls are the two that you described. And the interplay between, there's no forfeiture when we're doing a sufficiency analysis. There's no forfeiture of the particular theory. We're just trying to correctly interpret the statute and then assess the sufficiency of evidence against that interpretation. That is my understanding of the Musacchio case, which this court then, I think, adopted in Hilly. Judge Henderson wrote separately there, perhaps identifying a different reading of it. But yes, our view is notwithstanding what is at a minimum forfeiture, arguably waiver by suggesting essentially the jury instruction that was supplied and then arguing for something else on appeal. I think sufficiency requires the courts to interpret the statute, what the statute requires, and measure the evidence against that. And can you just briefly state what you think is the narrowest holding that would sustain this judgment? I think I started to set that up earlier, but I think if the court were to say independently felonious means used to obstruct an official proceeding is sufficient. And here the defendant used, I mentioned already, at least the three felonies in service of his obstruction. That, I think, would be the narrowest. And the state of mind there is knowingly engaging in independently felonious means, or does it not matter as long as they're intending to do what they're doing and those are defined by the law as felonies? The latter. So I think the state of mind, this is sort of where I started, where I started in terms of the three components of mens rea. Certainly a defendant has to have the specific intent to obstruct the proceeding. In the course of that, if that person commits independently criminal conduct here, felonies, obviously we have to prove whatever the state of mind is for those particular felonies. But I don't think that corruptly adds some additional mens rea term to that independent finding of lawfulness. I will say, though that is the narrowest polling, that nonetheless, you know, this court will see cases that don't involve, in the January 6th context, that don't involve independently felonious. And I don't think there's anything in the word corruptly that would limit the word to that extent. I recognize, as Judge Katsas said in dissent, that there are potentially some category of cases, a protester in the gallery, that kind of thing, that could raise some questions. But there are ways to deal with those that, you know, I think still preserve the core of what corruptly is. I mean, the court, as an example, could read in something like a public welfare offense in the Morissette case that says, basically, look, things that don't damage property or cause injury to persons, and what Justice Jackson said, you know, don't involve sort of aggressive invasions, things that aren't wrongful, right, to get back to the core of what corruptly does. Those are the kinds of things that might not be enough. Candidly, I don't think the court's going to see anything on January 6th that would fall into the public welfare category. And Judge Keller, to your point, I don't think the court has to actually reach that and address that here. But I just want to sort of sketch out the government's position that, although the narrowest polling would be independently felonious means, we don't think that that is all of what corruptly means. Is 1752, is that a felony or misdemeanor, or could it be either? It could be either. So 1752A, 1 through 5, sets out what are misdemeanors. Subsection B makes it into a felony if it involves the use or possession of a dangerous weapon. The defendant here possessed the large stick that the jury concluded was a dangerous weapon. That transformed 1752, in this context, the two charges, the trespass and the disorderly and disruptive conduct, into a felony offense. All right. Is there more questions? Thank you. Do you want to hear anything on sentencing? My time is up, so I'm happy to sit down. I'd like to hear on sentencing your position on that. OK, so at the first cut, the defendant forfeited this argument below, and thus this court's review is for plain error. The fact that there is, you know, at least one judge, Judge McFadden, who has reached the conclusion that he has, is counterposed by the district court's ruling below, as well as others. You said in our brief, I think I added one supplemental authority that we think reaches the right conclusion. And so just as a matter of forfeiture and plain error review, we don't think there's a clear, clear error that would warrant relief. Why do you think we need to get to plain error? We're on the review of a judgment of acquittal. We're looking at the sufficiency of the evidence under a properly charged jury. I'm responding to the sentencing enhancements. You're talking about the sentencing enhancements. So I moved on to the sentencing enhancements. Not plain error with respect to the sufficiency. And what about that sentencing colloquy that Mr. Cohn pointed to in the defendant's appendix? The offense did result in substantial interference. So there's clearly it was raised and made an issue. But that's it was what was raised was the factual challenge. Right. So the two enhancements, the eight level enhancement is for threatening or causing property damage or injury to a person. And the second one is for substantial interference. And the argument on the first was I didn't engage in threatening behavior that left that warrants enhancement. And the second is my conduct didn't result. It didn't contribute to a substantial interference. It was not the argument that even if you were to reach that factual matter, it doesn't matter because what was obstructed was not the administration of justice. It was, in fact, a congressional proceeding, whereas instead administration of justice as this narrower conception of a judicial proceeding. The way plain error works, right, is to ensure that arguments have a full airing below. The district court has a chance to resolve it. That didn't happen here. So that, in our view, is why that was not preserved. Just to object is not enough. It's to lay out the theory, let the district court consider that theory and land wherever the court would land. All right. Thank you. Thank you very much. Mr. Cohen, why don't you take two minutes? I just on the plane air. Wait, first, judge, the only case the government sites for playing there is a judge where there's a case where the defense counsel did not object at all. Okay, we clearly don't have that here. I don't agree with my esteemed adversaries reading of sentencing transcript. Judge, you asked me for the page number of the lead opinion and Fisher collected cases. It's pages three, three, seven, three, three, eight. Got it. Thanks. Sorry of the opinion. And in those list of cases, which, again, I see is extremely use. The the acts are lying in written responses to civil interrogatory questions. Seeking a false alibi with attempting to orchestrate a grand jury witnesses testimony. Just going back to the to the plane air question, you said the only case of government sites is one which there was no objection at all. Do you have any cases in which there was an objection, but on different legal grounds that we held preserved an objection to an enhancement on a different theory? Offhand, I do not remember, but I'm happy to look at such a case. And if the court would like to submit it, if you if you have such a case, it would help us to focus on the nature of the what's required to preserve. Understood. I would only reiterate if this is truly an issue, the statement of judge Cooper and sentencing. I think the argument, Mr. Rollins, defense counsel, is that the thing that was interfered with was the certification of the vote. And there was both a delay in the certification of the riot and substantial costs were incurred to respond to the damage caused by the riot. It's the reason, as you all, as you well know, is the whole plane error to make sure that the trial judge had a fair opportunity to address whether or not. What the issue and the trial judge understood, he's saying incorrectly that the delay in certification of vote is. Is an injury is is obstructing the administration of justice. Well, that doesn't prove the opposite because he's saying, obviously, there's an instruction with the administration of justice here. That's a certification and nobody's saying, oh, no, that's not what he's ruling at this point. Right. But he's ruling in response to the trial counsel's argument. That is that this enhancement applies when there's, I'm quoting from trial counsel, a premature or improper termination of a felony investigation. And when someone has caused that investigation, that investigation to spend more money, such as lying to officers or lying to the FBI where they're committing perjury. Defense counsel is correctly saying judge that's obstructing the administration of justice. That's and that's not what my client was up to. That's what he's doing right there. And the government has to spend more money to kind of go around those lies. Defense counsel is exactly right. And he says, yes. Hopefully, for present purposes, and I think that's exactly what the enhancement applies to. And the judge on the same page rejects the says, also, Mr. Rollins, the argument is that the thing that was interfered with was the certification of the vote. The court is clearly rejecting this correct focus on whether or not an investigation was. Was it. All right, if there are no more questions, Mr. Cohn, you were appointed by this court to represent your client and we thank you for your very able assistance. Thank you.
judges: Henderson, Pillard, Pan